UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:09CR      (EBB) |
| | : | |
| v. | : | |
| | : | 18 U.S.C. § 371 |
| BRYAN THOMAS BLACK | : | [Conspiracy to Commit |
| a/k/a "dmx" | : | Copyright Infringement] |

**I N F O R M A T I O N**

The United States Attorney charges that:

**COUNT ONE**
**(Conspiracy)**

**I. Background**

1. At all times relevant to this Information, the defendant **BRYAN THOMAS BLACK** possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using the alias "dmx."

**II. Object of the Conspiracy**

2. Beginning at a time unknown, although no later than in or about June of 2000, through in or about April 2004, in the District of Connecticut and elsewhere, defendant **BRYAN THOMAS BLACK**, and others known and unknown to the Government, did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18, United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III.  Manner and Means of the Conspiracy

3.  It was a part of the conspiracy that the defendant **BRYAN THOMAS BLACK** and others known and unknown to the Government were participants in the "warez scene" -- that is, individuals and organized groups of individuals ("warez groups") who engaged in the duplication, modification, reproduction, and distribution of copyrighted software over the Internet, in violation of federal copyright law.  The defendant **BRYAN THOMAS BLACK**, a "cracker" for the warez group "Kalisto," assisted warez group members by disabling or removing technological copyright protections embedded on new computer game releases to enable the copyright protected material to be freely accessed and copied.  In addition to the activities set forth above, since at least 2000, in furtherance of the above conspiracy, the defendant downloaded many pirated copies of copyrighted works from the computers storing pirated material.

4.  It was further a part of the conspiracy that the defendant **BRYAN THOMAS BLACK** and others known and unknown to the Government would obtain access to  "pirated" software which was made available to group members on various file storage sites ("FTP sites") on the Internet for group members to access, reproduce, and distribute.

5.  It was further a part of the conspiracy that the defendant **BRYAN THOMAS BLACK**, in exchange for "cracking" the copyright protections on software and through his contacts in the warez community, would gain privileged access to various FTP sites, including "House of Moo" ("HOM");  Datastream ("DS");  Firesite Drop ("FSDrop"); Fireside ISO ("FSISO"); Fireside ISO Archive ("FSISO Archive");  and UCF (a/k/a UCFE, a/k/a "Pimp").  As of March 25, 2004, the UCF site alone contained in excess of 6,000 pirated software titles.  During the relevant time period alleged in the Information, defendant **BRYAN THOMAS BLACK** and other conspirators

did distribute pirated software over numerous warez sites in violation of federal criminal copyright infringement law.

## Overt Acts

6. In furtherance of the above conspiracy, and in order to effectuate the objects thereof, defendant **BRYAN THOMAS BLACK**, and others known and unknown to the Government, committed the following overt acts, among others, within the District of Connecticut and elsewhere:

   a. Since in or about 2000 through in or about April 2004, defendant **BRYAN THOMAS BLACK** routinely "cracked" new "PlayStation 2" (PS2) video games for the warez group "Kalisto." **BRYAN THOMAS BLACK** did obtain new PS2 games from a "Kalisto" warez server and did remove technological copyright protection devices that permitted others to have free access to the PS2 games.

   b. In return for "cracking" PS2 games, defendant **BRYAN THOMAS BLACK** gained privileged access to various warez servers, including "House of Moo" ("HOM"); Datastream ("DS");  Firesite Drop ("FSDrop"); Fireside ISO ("FSISO"); Fireside ISO Archive ("FSISO Archive");  and UCF (a/k/a UCFE, a/k/a "Pimp") which permitted him to download pirated software.

   c. On or about April 5, 2004, defendant **BRYAN THOMAS BLACK** did download the new PS2 video game release titled "Fight Night" to his residence where he used his computer and other electronic equipment and programs to remove the copyright protections embedded on the video game which enabled anyone to gain free access to the game and copy it for their own use.  Defendant **BRYAN THOMAS BLACK** then transferred the PS2 game back to a "Kalisto" warez server where other group members would have access to the game.

-4-

          d.  From in or about the Fall of 2000 through in or about April 2004, the defendant **BRYAN THOMAS BLACK** uploaded pirated copyrighted works to the HOM, DS, FSDrop, FSISO, FSISO Archive, and UCF sites with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by others.  In total, over the course of the above conspiracy, **BRYAN THOMAS BLACK** and others known and unknown to the Government distributed thousands of individual copyrighted works over the various sites with many of those copyrighted works being reproduced and distributed more than once.

    All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

7. Upon conviction of one or more of the offenses alleged in Count One of this Information, **BRYAN THOMAS BLACK**, defendant herein, shall forfeit to the United States, pursuant to 17 U.S.C. § 506(b), all right, title, and interest in any infringing copies of copyrighted works and all implements, devices, and equipment used in the manufacture of such infringing copies.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 17, United States Code, Section 506(b), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

THE UNITED STATES OF AMERICA,

___/s/_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

___/s/_____
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

___/s/_____
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY