UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES

V.

I-CHE LAI a/k/a "doplgnger"



**JUDGMENT**

CASE NO. 3:06-CR-4(RNC)
USM NO: 16796-014

Government's Counsel:
Edward Chang
Assistant United States Attorney
157 Church Street
New Haven, CT 06510

Defendant's Counsel:
Stephen V. Manning
185 Asylum Street
Hartford, CT 06103

The defendant pleaded guilty to count one of an information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 21, 2004 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court grants the government's motion for a downward departure pursuant to USSG § 5K.1.1 based on the defendant's substantial assistance in the investigation of others and departs four levels. The Court also grants the defendant's motion for a downward departure pursuant to USSG § 5K2.0 based on the defendant's extraordinary post-arrest rehabilitation and departs an additional three levels.

**PROBATION**

The defendant is hereby sentenced to a **term of probation of 3 years,** subject to the mandatory and standard conditions of probation set forth below at page 3. The mandatory condition requiring **drug testing is waived.** In addition, the following special conditions are imposed:

1. The defendant will spend 6 months on home confinement, without electronic monitoring, to begin promptly once the Probation Office in the District of Nevada (Las Vegas) assigns an officer to supervise the defendant. During this 6-month period, the defendant will remain in his home at all times except for approved absences for gainful employment, medical appointments, religious services, community service and other times specifically approved in advance by the Probation Office.

2. The defendant will **pay a fine in the amount of $7,500.00,** at a rate of $200.00 per month. Interest on the fine is waived.

3. The defendant will not open new lines of credit or incur significant new credit card charges without the prior permission of the Probation Office until the $7,500.00 fine is paid.

4. The defendant will provide the Probation Office with access to requested financial information.

5. The defendant will perform **120 hours of community service at a rate of 30 hours per month.**

Page 2

## MONETARY PENALTIES

In addition to the fine noted above, the defendant will pay a special assessment of $100.00, which is due immediately.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

_____     __June 1?, 2007_____
                                    Date of Imposition of Sentence


                                    ___/s/_____
                                    Robert N. Chatigny, U.S.D.J.
                                    Date: 6/19/07


## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.



_____ _     John F. Bardelli
                                        United States Marshal

                                  By    _____
                                        Deputy Marshal


CERTIFIED AS A TRUE COPY
ON THIS DATE. _____
Kevin F. Rowe, Clerk

BY: _____
        Deputy Clerk

Page 3

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                                Date

_____                   _____
U.S. Probation Officer/Designated Witness         Date

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:07-CR-96(RNC) |
| SCOTT CARRERA  | USM NO: 17533-014 |
| | Government's Counsel:<br>Edward Chang<br>Assistant United States Attorney<br>157 Church Street<br>New Haven, CT 06510 |
| | Defendant's Counsel:<br>Mark P. Sutter<br>221 No. LaSalle Street, Suite 2700<br>Chicago, IL 60601 |

The defendant pleaded guilty to count one of an information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 2004 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a **nonguidelines sentence**. Considering the history and characteristics of the defendant, and the nature and circumstances of his offense conduct, a sentence of incarceration would be harsher than necessary. For a period of about eight months starting in July 2003, the defendant participated in infringing activity for nonpecuniary motives as part of the "warez scene." His criminal conduct was a marked deviation from an otherwise law-abiding life. The amount of loss that should be attributed to him for sentencing is difficult to estimate but **the retail value of the copyrighted works he was directly responsible for transferring totals $40,293**, according to the FBI. In light of this, the stipulated loss amount in the parties' plea agreement of between **$200,000 and $400,000** appears to **significantly overstate the seriousness of the defendant's conduct. In the four years that have passed since** the defendant left the **"warez scene"** behind, he has cooperated fully with the Government, **started a family, and helped build a successful business in the field of computer security.** It is highly unlikely that he will offend again. A sentence of incarceration would give undue weight to the deterrent effect such a sentence might have on others while giving too little weight to the adverse effect such a sentence would have on the defendant, his family and his business. In addition, a sentence below the advisory guideline range is necessary to avoid unwarranted disparity in sentencing because similarly situated defendants have received sentences of probation.

## PROBATION

The defendant is sentenced to a term of **probation of 3 years subject to the mandatory and standard conditions** set forth at page 3. The mandatory condition requiring drug testing is waived. In addition, the following special conditions are imposed:

1. The defendant will spend **the first 6 months** of probation on **home confinement with electronic monitoring**. The defendant will arrange for, and pay all costs of, the electronic monitoring. The defendant will remain in his home at all times except for approved absences for gainful employment, medical appointments, religious services, and other times specifically approved in advance by the Probation Office.

2. The defendant will pay a **fine in the amount of $7,500.00**, at a rate of not less than $200 per month beginning in May 2008. Interest on the fine is waived.

3. The defendant will perform **120 hours of community service** under the direction of the Probation Office at a rate of not less than 10 hours per month, beginning the month following his completion of the term of home confinement.

4. The defendant will provide the Probation Office with access to requested financial information.

Page 2

## MONETARY PENALTIES

In addition to the fine noted above, the defendant will pay a special assessment of $100.00 on count one.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

                                              **April 22, 2008**
                                              Date of Imposition of Sentence

                                              ___/s/ RNC_____
                                              Robert N. Chatigny, U.S.D.J.
                                              Date: April 22, 2008

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

                                              John F. Bardelli
                                              United States Marshal

                                   By
                                                              Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE.* _____
*Roberta D. Tabora, Clerk*

*BY:* _____
       *Deputy Clerk*

Page 3

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, i  n approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
                Defendant                                                             Date

         _____        _____
         U.S. Probation Officer/Designated Witness              Date

Case 3:05-cr-00050-RNC   Document 55   Filed 08/08/2007   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:05-CR-50(RNC) |
| JEFFREY LERMAN | USM NO: 16666-014 |
| | Government's Counsel:<br>Edward Chang<br>Assistant United States Attorney<br>157 Church Street<br>New Haven, CT 06510 |
| | Defendant's Counsel:<br>Donald R. Schechter<br>80-02 Kew Gardens Road, Suite 1030<br>Kew Gardens, NY 11415 |

The defendant pleaded guilty to count one of an information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 21, 2004 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a **nonguidelines sentence**. The advisory guideline range of 46 to 57 months contained in the parties' stipulation reflects a 14-level increase under USSG § 2B1.1(b)(1)(H) for a loss of more than $400,000, but the record is insufficient to support a reasonable estimate of the loss that should be attributed to the defendant, and the appropriate amount might well be considerably less than $400,000. The advisory guideline range contained in the parties' stipulation is harsher than necessary to reflect the seriousness of the offense conduct, punish the defendant and deter him from criminal activity. The defendant committed the offense while suffering from diminished volitional capacity due to mental illness, which contributed substantially to his offense conduct. Since his arrest, he has cooperated with the government, complied fully with the conditions of his release, and received mental health treatment. He has made a good recovery and is now gainfully employed. Sentencing him to incarceration would disrupt his progress, threaten his recovery and jeopardize his ability to receive his college degree, which has been withheld from him pending the outcome of his criminal case. Such a harsh sentence would not promote respect for law and is not justified by the interest in general deterrence. Finally, a nonguidelines sentence is necessary to avoid unwarranted disparity in sentencing because similarly situated defendants have received sentences of probation.

## PROBATION

The defendant is hereby sentenced to a term of **probation of 3 years**, subject to the **mandatory and standard conditions of probation** set forth below at page 3. The mandatory condition requiring **drug testing is waived**. In addition, the following special conditions are imposed:

1. The defendant will spend **6 months on home confinement, with telephonic monitoring at his expense**, to begin promptly once the Probation Office in the District of Maryland assigns an officer to supervise the defendant. During this 6-month period, the defendant will remain in his home at all times except for approved absences for gainful employment, medical appointments, religious services, and other times specifically approved in advance by the Probation Office.

2. The defendant will **pay a fine in the amount of $ 7,500, at** a rate of $200 per month. Interest on the fine is waived.

3. The defendant will not open new lines of credit or incur significant new credit card charges without the prior permission of the Probation Office until the fine is paid in full.

4. The defendant will provide the Probation Office with access to requested financial information.

Page 2

## MONETARY PENALTIES

In addition to the fine noted above, the defendant will pay a special assessment of $100.00, which is due immediately.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

                                          **August 7, 2007**
                                          Date of Imposition of Sentence

                                          /s/
                                          Robert N. Chatigny, U.S.D.J.
                                          Date: August 7, 2007

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

                                          John F. Bardelli
                                          United States Marshal

                              By
                                          Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE. _____*
*Kevin F. Rowe, Clerk*

*BY:* _____
      *Deputy Clerk*

Page 3

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
           Defendant                                                                   Date

_____        _____
U.S. Probation Officer/Designated Witness              Date

AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

FILED
2009 JAN 22 P 4:52
US DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA

v.

YOUNG B. KIM

JUDGMENT IN A CRIMINAL CASE

CASE NO. 3:08-cr-00222-AHN
USM NO: 17212-014

_Edward Chang_
Assistant United States Attorney

_Elton John Bozanian_
Defendant's Attorney

**THE DEFENDANT:** pleaded guilty to count one of an information.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 17 U.S.C. 506(a) and 18 U.S.C. 2319, in violation of 18 U.S.C. 371 | Conspiracy to Commit Copyright Infringement | April 21, 2004 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**PROBATION**

The defendant shall be placed on probation for a total term of 3 years. The sentence imposed is a non-Guideline sentence based on the facts that the offense level determined under the guidelines overstates the seriousness of the offense and the harm that resulted.

The Mandatory and Standard Conditions of Probation as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall pay any fine that is imposed by this judgment, payable immediately, at a rate of no less than $200 per month. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

Special Assessment: $ 100.00    Due Immediately
Fine:              $5,000.00    Due Immediately

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

Case 3:09-cr-00056-EBB   Document 16-1   Filed 08/14/09   Page 11 of 15
AO245B (USDC CT Rev. 8/00)   Case 3:08-cr-00222-AHN   Document 17   Filed 01/22/2009   Page 2 of 3
Page 2

<u>January 20, 2009</u>
Date of Imposition of Sentence

/s/ Alan H. Nevas, SUSDJ

Alan H. Nevas
United States District Judge
Date: January 21, 2009

Judgment received by U.S. Marshal at _____ on _____.

Print name _____

Signature _____
          Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
ROBERTA D. TABORA, Clerk
BY: _____
    Deputy Clerk

# CONDITIONS OF PROBATION

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

☐ (2) For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (c) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);

☐ (3) The defendant shall not unlawfully possess a controlled substance;

☐ (4) For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

(5) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

■ (8) If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;

☐ (9) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

(B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

☐ (10) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on probation, the defendant also shall comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
           Defendant

_____
Date

_____
U.S. Probation Officer/Designated Witness

_____
Date

AO245b (USDC-CT Rev. 9/07)

| Page 1 | UNITED STATES DISTRICT COURT |
|---|---|
| | District of Connecticut |

UNITED STATES OF AMERICA

v.

RICHARD MENDEZ

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. *3:08cr218 (MRK)*
USM NO: *18163-014*

*Edward Chang*
Assistant United States Attorney

*Stephen Flamhaft*
Defendant's Attorney

**THE DEFENDANT**: pleaded guilty to count(s) **One of an Information.**

Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| Title 18 U.S.C. Section 371 | Conspiracy to Commit Copyright Infringement | April 2004 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. **The Court imposed a non-Guidelines sentence. Defendant's Guidelines calculations were as follows: Total Offense Level of 19, a Criminal History Category of I, with a recommended imprisonment range of 30-37 months. The Court chose to impose a non-Guidelines sentence for several reasons. First, Defendant had no previous contact with the criminal justice system. Second, it appears that Defendant began the conduct at issue when he was 16 years old and generally confined to his home because of a medical condition. While Defendant's conduct was a serious matter, it appears that his youth, lack of maturity, and medical condition may have contributed to Defendant becoming involved in this activity. Third, all of the other defendants sentenced for similar crimes in related cases have received probation. As the Government stated at sentencing, Defendant was neither more nor less culpable than the other defendants. Therefore, the Government did not object to probation, though they did not advocate it. Having considered all of the factors set forth in 18 U.S.C. § 3553(a) and bearing in mind the need for the sentence imposed to be sufficient but not greater than necessary to achieve the purposes of a criminal sentence, the Court concluded that a three-year term of probation coupled with a significant community service requirement was appropriate for this Defendant.**

PROBATION

The Defendant shall be placed on probation for a total term of 3 **years.**

The Mandatory and Standard Conditions of Probation as attached, are imposed. In addition, the following Special Conditions are imposed: **The Defendant shall not possess a firearm or other dangerous weapon. The Defendant shall perform 200 hours of community service over the term of probation as instructed by the United States Probation Office.**

**CRIMINAL MONETARY PENALTIES**

The Defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

| Special Assessment: | $100.00 to be paid immediately. |
|---|---|
| Fine: | No fine imposed. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

Page 2

                                                            February 11, 2009
                                                            Date of Imposition of Sentence

                                                            **/s/ Mark R. Kravitz**
                                                            Mark R. Kravitz
                                                            United States District Judge
                                                            Date:

Judgment received by U.S. Marshal at _____ on _____.

                                                Print name    _____

                                                Signature    _____
                                                             Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*ROBERTA D. TABORA, Clerk*
*BY:* _____
    *Deputy Clerk*

# CONDITIONS OF PROBATION

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1)  The defendant shall not commit another federal, state or local offense;

☐ (2)  For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (c) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);

■ (3)  The defendant shall not unlawfully possess a controlled substance;

☐ (4)  For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (5)  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;

■ (6)  The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

☐ (8)  If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;

☐ (9)  (A)  In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

(B)  In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (10) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on probation, the defendant also shall comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1)  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         Defendant                             Date


         _____    _____
         U.S. Probation Officer/Designated Witness    Date